Richard S. Heller, J.
On June 20, 1957, pursuant to the Flood Control Law (L. 1936, ch. 862, as amd.), the State appro *109 priated, by permanent easement, lands owned by the claimants located in the Town of Kirkwood, Broome County, New York.
The lands taken were for the Conklin-Kirkwood Flood Protection Project — Clearing and Snagging the Susquehanna Eiver. Map No. 117, containing Parcels Nos. 155, 156, 161 and 162, gave the State permanent easements as follows:
Parcel No. 156, consisting of 1.251 acres, is a parcel 20 feet in width taken from the westerly boundary line of the property at the river bank, and covers river frontage for 2,724± feet at the top of the bank. 6
Parcel No. 155, consisting of an area of .171 acres, joins Parcel No. 156. This parcel is 374 feet in depth and runs in an easterly and westerly direction. It is 21.23 feet wide at its easterly end, and 23.53 feet wide at its westerly end, where it joins Parcel No. 156.
Parcel No. 161 is described as being 40 feet in width both at its westerly and easterly énds by 263 feet along its northerly boundary and 240 feet along Bridge Street and its area .243 acres.
Parcel No. 162 travels along the river bank in a manner similar to Parcel No. 155, is 20 feet wide by 665 feet in length and has an area of .348 acres.
Parcels Nos. 156, 161 and 162 are on the perimeter of claimants’ land. Parcel No. 155 divides the farm, and, if the easement denies access, approximately 10 acres of land north of the easement would be isolated.
The easements are described as followsA permanent easement interest and right to be exercised in, on and over the property above delineated and hereinafter described for the purpose of constructing, reconstructing, maintaining and operating thereon an access drive with the right at all times of ingress, egress and regress by the State of New York, its assigns and/or their agents in the improvement for purposes connected with the flood protection project, in and to all those pieces or parcels of property hereinafter designated as parcels No. 155, 156, 161 and 162, situate, lying and being in the Town of Kirkwood, in the County of Broome and State of New York.”
The taking had the following reservation: ‘ ‘ reserving, however, to the owner of the property, the right and privilege of using this property, identified as parcels No. 155, 156, 161 and 162, providing the exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works, or other authorized representatives acting for the people of the State of New York or its assigns, interfere with or prevent the user and exercise of rights hereinbefore described.”
*110 The court is of the opinion that the easement, while restrictive, does not isolate the land to the north of Parcel No. 155. However, the presence of an easement is an incumbrance and reflects a decreased value that would be taken into consideration by a willing- buyer to the detriment of the claimants.
Nothing more is taken by this easement than the limited right to “ construct, reconstruct, maintain and operate an access drive for the purpose of clearing and snagging the river”. Should the State enlarge upon the terms of the easement to the detriment of the claimants, then the State would have to respond in further damages. The taking here should be distinguished from the case of Spinner v. State of New York (4 A D 2d 987) wherein the rights of the State were unlimited to the extent that the value could be completely destroyed if those rights were exercised.
The court finds that prior tó the appropriation the best available use of the lands fronting on the river was for cottage sites. The court further finds that the easement has decreased the value of the lots in that they are now further removed from the river and aré not as attractive to a prospective purchaser.
The court further finds that the frontage on Bridge Street has building lots as its best available use. The remainder of claimants’ land was best suited for dairy farming.
Prior to the appropriation the fair and reasonable market value of claimants’ land was $16,500. The fair and reasonable market value of claimants’ land after the appropriation was $12,400. Claimants have been damaged in the sum of $4,100 and are entitled to an award in that amount with interest from June 20, 1957 to December 20, 1957, and from October 21, 1958 to the date of entry of judgment.
The claim has not been assigned.
The court has viewed the premises.
Submit findings which shall include a complete description of the lands appropriated. In the event findings are not submitted within 30 days, the court will furnish the Clerk with a complete description of the lands taken, and upon receipt of such description the Clerk will enter judgment in accordance with the foregoing award.