William G. Easton, J.
The present claim seeks damages for the appropriation of two easements by the State over a driveway located behind a shopping center in the City of Binghamton in Broome County. The driveway is 60 feet in width and furnishes access to and from a public street up to the rear of the buildings constituting the shopping center. Each of the tenants of the shopping center uses such driveway for access to the rear-of his business place, including use for deliveries and removal of trash.
The two easements appropriated were (1) a vehicular access easement 50 feet by 60 feet in area, the pertinent portion of this taking being: “A permanent easement, interest and right to be exercised in, on and over the property above delineated and hereinafter described for the purpose of constructing, reconstructing, maintaining and operating thereon an access drive with the right at all times of ingress, egress and regress by the State of' New York, its assigns and/or their agents in the improvement for purposes connected with the Flood Protection Project, in and to all that piece or parcel of property hereinafter designated as Parcel No. 168, situate, lying and being in the Town of Union, in the County of Broome and State of New York” and (2) a pedestrian access easement 8 feet by 60 feet in area, the pertinent portion of this taking being: “ also, a permanent easement, interest and right to be exercised in, on and over the property above delineáted and hereinafter described for the purpose of constructing, reconstructing, maintaining and operating thereon a pedestrian access and appurtenances, with the right at all times of ingress, egress and regress by the State of New York, its assigns and/or their agents in the improvement for purposes connected with the Flood Protection Project in and to all that piece or parcel of property hereinafter designated as Parcel No. 173, situate, lying and being in the Town of Union, in the County of Broome and State of New York”.
Both of the above takings contain the following reservation clause, the interpretation of which substantially determines the am mint, of damage that might be sustained by the claimants: 11 be serving, however, to the owners of the property, the right and privilege of using this property * * ' * providing the *188 exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works, or other authorized representative acting for the People of the State of New York or its assigns, interfere with or prevent, the user and exercise of rights hereinbefore described. ’ ’
The facts material to this claim are best set out in the annexed diagram:

GENERAL ELECTRIC COMPANY PLANT
Claimants are the owners of Lots 3, 4 and 5 on which' there are a store 100 feet by 120 feet leased and used as a supermarket, a store 40 feet by 120 feet in depth leased and used as a furniture store, and a store 20 feet by 80 feet in depth leased and used as a dry-cleaning establishment.
Bach owner of Lots 2 through 8 inclusive, acquired by his deed to said lots a right of way over the 60-foot driveway at the rear of his premises, said right of way being in common with each of the other lots comprising the shopping center. There also were restrictions in all deeds that all ashes, garbage, and refuse were to be removed only from the rear of the buildings. These restrictions were incorporated into claimants ’ leases with their tenants. The 60-foot roadway along the rear line of claimants’ premises leading from Endwell Street to claimants’ property is the only means of rear access to their property. It is not disputed that the market value of claimants’ premises would be substantially decreased if such rear access were cut off.
Whether the imposition of these easements by the State deprived claimants of all of the value which inheres in their premises by reason of the appurtenant rear access easement over the 60-foot driveway is to be determined by us as a question of fact and not as a question of law (Dillenbeck v. State of New York, 193 Misc. 542 [1948]).
*189 If any consideration is to be given to the exercise of the State’s rights under the so-called “ reservation clause” contained in these takings as above set forth, such consideration must be given now, at the time of the taking, and not leave same until the time of its enforcement. For these reasons, the possible and probable enforcement of the State’s right of cutoff as urged by claimants for an assessment of damage based on a 100% loss of rear access, is a just and reasonable item of consideration in fixing consequential damages herein. (Cooper v. State of New York, 48 N. Y. S. 2d 212 [1944].)
The court is of the opinion that the appropriations herein do not and cannot completely extinguish claimants’ prior existing rights to use the roadway as a means of access to the rear of their premises.
Nothing more has been taken by the State than the limited right to maintain a vehicular access drive and a pedestrian crossing over the roadway so as to afford the users of the General Electric parking lot access to the same.
It is unrealistic to construe the terms of the appropriations and of the reservations to claimants set forth in the appropriation maps as being tantamount to “ fee ” takings. The probability of the State’s cutting off the easement rights reserved to claimants because of interference by claimants with any use which the State might reasonably make of the access drive and walk, is so remote as not to be taken into consideration. The instant takings should be distinguished from that in the case of Spinner v. State of New York (4 A D 2d 987 [1957]), wherein the rights of the State were unlimited to the extent that the value could be completely destroyed if those rights were exercised. It is inconceivable that a court would arbitrarily enjoin claimants from any use of their easement, which end the State could have accomplished here with a “ fee ” taking, if it had so desired.
The presence of and the superimposing of the State’s easements over said roadway is, however, an incumbrance resulting in a decreased value that would be taken into consideration by a willing buyer, to the detriment of the claimants.
Should the State seek to enlarge upon the terms of the easement to the detriment of claimants, it could do so only by a further appropriation; then the State would have to respond in further damages (Fitch v. State of New York, 27 Misc 2d 108 [1960]).
In accordance with the foregoing, a decision containing findings of fact and conclusions of law is filed herewith.